IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ROCKNE MENDENHALL, JR.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT<br><br><br><br>Case No. 2:06-CR-567 TS |

This matter is before the Court on Defendant's Motion to Alter Judgment. For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Defendant appeared before the Court on March 13, 2013. On that date, Defendant admitted violating the terms of his supervised release. As a result of these violations, Defendant was sentenced to 10 months in the custody of the Bureau of Prisons to be followed by an additional 24 months of supervised release. Defendant now requests that he be allowed to serve the last 60 days of his sentence at a halfway house.

## II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1]  Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]  "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

Section 3582(c) does not apply.  There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission.  Rule 35 is equally inapplicable.  Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

provision is inapplicable.[5]  Further, none of the reasons set out in Rule 35(a) apply here.  Defendant does not point to any arithmetical, technical, or other clear error in his sentence.  Rule 35(b) provides for a reduction upon motion of the government.  Here, there is no motion by the government.  For these reasons, Section 3582(c) and Rule 35 are inapplicable.  Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  There is no such error here.

Though the Court cannot amend the judgment as requested, the Court notes that the Bureau of Prisons has the authority to designate where an inmate will be imprisoned and to "direct the transfer of a prisoner from one penal or correctional facility to another."[6]  Further, the Bureau of Prisons has the responsibility to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[7]  By denying Defendant's Motion to Alter Judgment the Court does not intend to interfere with the ability of the Bureau of Prisons to place Defendant in a halfway house during the final months of his term of imprisonment.

---

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[6] 18 U.S.C. § 3621(b).

[7] 18 U.S.C. § 3624(c).

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Alter Judgment (Docket No. 42) is DENIED.

DATED   June 6, 2013.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge